79   219
103   177

CHARLES C. CHAMBERLAIN v ALEXANDER RODGERS, SR., AND DELPHIS LE BOEUF.

*Attorney and client—Compensation—Expert testimony.*

1. In a suit by an attorney for services, the plaintiff is competent to testify in his own behalf as to the nature and character of the services rendered, and their reasonable worth.

2. Where, in a suit by an attorney for services rendered in a particular suit, he is the only witness, and testifies to their nature and reasonable value, and that he has been engaged in the general practice of the law for 20 years, and had experience in all of its departments, and goes into the nature of the controversy in the suit in which the services were rendered, and the questions and amount involved, such testimony makes a *prima facie* case as to the value of the services sued for.

Error to Muskegon. (Dickerman, J.) Argued January 9, 1890. Decided January 17, 1890.

*Assumpsit.* Defendants bring error. Affirmed. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for appellants.

*DeLong & O'Hara,* for plaintiff.

CHAMPLIN, C. J    The plaintiff brought suit to recover
for retaining fee and services as an attorney at law in a
certain suit wherein Edward B. Allis was plaintiff and
the above-named defendants were defendants.

Eight errors are assigned,—three of them to the refusal
of the circuit judge to charge as requested by counsel for
defendants, and five to the charge as given.    The first
request to charge was as follows:

"Upon the question of whether anything is due the
plaintiff from the defendants for the services claimed to
have been rendered, defendant Rodgers claims that along
about the time the services in question were rendered he
paid the plaintiff, from time .to time, such sums as he
demanded; that after such services were rendered, and on
or about November 4, 1884, he indorsed the plaintiff's
note for the sum of $255, which note afterwards, and on
February 28, 1885, he was obliged to pay; that thereafter,
and on March 15, 1886, he paid the plaintiff one hundred
dollars; and that the conduct and conversation of the
plaintiff at that time were intentionally such as to give
him to understand that no more would ever be demanded for
any services that had been performed by plaintiff up to
that time, for which the defendant Rodgers was liable.
If you find the claim of the defendants upon this question
established by the evidence in the case, your verdict
should be for the defendants,—no cause of action."

The court instructed the jury in the language of coun-
sel, but modified the last clause as follows:

"If you find the claim of defendants upon this ques-
tion established by a fair preponderance of the evidence
in the case, and that the payments ought to apply to
this case, your verdict should be for the defendants,—no
cause of action."

The testimony of the parties showed that the plaintiff
had done other business as attorney for defendant Rodgers.
The plaintiff gave testimony to the effect that he had

been in the employ of Rodgers, as attorney, for 10 or 11 years; had received money from him from time to time, but had never had a settlement. He testified positively that nothing had ever been paid him for his services in the particular case for which suit is brought. On the other hand, the testimony of Rodgers tended to prove that he had paid plaintiff all that he ever asked, and that plaintiff made no distinction between his services in the Allis suit and other suits, and that the last payment was made to plaintiff under such circumstances that he was led to believe, and did believe, that it was to be in full of all demands. The plaintiff testified that he kept no books, and had no account either of services rendered or of money received from the defendant Rodgers; but he swore that the defendant Rodgers owed him a large amount for services aside from those rendered in the suit with Allis. It is quite clear that under the testimony there was no error in the modification of the charge by the court.

The second and third errors assigned may be considered together, viz.:

"2. In determining the question of the value of the plaintiff's services you are not to be controlled by what the plaintiff says he charged, or by what he says such services were worth.

"3. There is not in this case sufficient evidence to warrant you in fixing the value of such services at such sum as plaintiff places their value at."

The plaintiff was the only witness who testified to the nature and character of the services rendered, and their reasonable worth. We think his testimony was admissible, and made a *prima facie* case of the value of such services.

Our attention is called to *Eggleston v. Boardman*, 37 Mich. 18, as supporting the requests to charge. In that case it was said that—

"The professional skill and standing of the person employed, his experience, the nature of the controversy, both in regard to the amount involved and the character and nature of the questions raised in the case, as well as the result, must all be taken into consideration in fixing the value of the services rendered."

The testimony, in a general way, covered all the elements above mentioned. The plaintiff was competent to testify in his own behalf; and he stated he had been a practicing lawyer in Muskegon for twenty years, engaged in the general practice of the law, and had experience in all its departments. The nature of the controversy, the questions involved, as well as the amount in controversy, were all gone into. We think the court did not err in declining to charge as requested above.

We think the charge as given was not erroneous in the particulars claimed, and that the judgment should be affirmed.

The other Justices concurred.